IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

GEORGE M. ROBERTS, )
 )
       Plaintiff, )
 )
v. ) Case No. 11-CV-040-JHP-PJC
 )
INTERNATIONAL BUSINESS )
MACHINES CORPORATION, )
 )
       Defendant. )

## OPINION & ORDER

Before the Court is Defendant's Motion for Partial Dismissal and Supporting Brief [Docket No. 14] and Plaintiff's Response to Defendant's Partial Motion to Dismiss [Docket No. 18]. Plaintiff's four-count Petition was filed in Oklahoma state court on December 21, 2010. Docket No. 2-1 at 1. This case was removed to federal court on January 18, 2011. Docket No. 2. In the instant motion, Defendant moves to dismiss Counts One, Three and Four of Plaintiff's Petition pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the reasons cited herein, Defendant's Motion for Partial Dismissal is DENIED IN PART and GRANTED IN PART. Additionally, Plaintiff is granted leave to amend his Petition for the limited purpose of attempting to state a claim of retaliation pursuant to the ADEA.

FACTS

Plaintiff, a sixty-year-old male, was employed by defendant IBM from July 2004 until his termination on January 27, 2010. Petition ¶¶ 8, 14, Docket No. 2-1. After defendant observed what he believed to be preferential treatment for younger workers by his employer, Plaintiff complained to management and submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC") on or about August 14, 2009. Defendant's Motion for

1

Partial Dismissal, Exh. 1 at 4, Docket No. 14 (hereinafter "Motion to Dismiss"). The charge was dismissed and the EEOC issued a Right to Sue Notice on September 30, 2010. *Id.* Exh. 2 at 1. After Plaintiff's termination on January 27, 2011, Plaintiff submitted a General Intake Questionnaire to the EEOC on or about February 16, 2010. Response to Partial Motion to Dismiss, Exh. 1 at 3, Docket No. 18 (hereinafter "Response"). The General Intake Questionnaire submitted by Plaintiff identified IBM as the employer and prospective respondent. *Id.* at 4. In the Questionnaire, Plaintiff stated that he had filed a previous charge with the EEOC and further informed the EEOC that he had been terminated since the filing of his first charge. Plaintiff further asserted that his termination was in retaliation for his first charge, stating "I believe my termination is in direct relation to engaging in protected activity when I reported age discrimination to my supervisors and the EEOC." *Id.* at 5.[1] With regard to this second charge of discrimination, an Oklahoma Human Rights Commission ("OHRC") "Charge of Discrimination" form was signed by Plaintiff on August 31, 2010. *Id.* Exh. 1 at 11. On February 17, 2011 the EEOC issued a Right to Sue Notice regarding this second charge of discrimination submitted by Plaintiff. *Id.* Exh. 6 at 1.

ANALYSIS

Defendant's Motion for Partial Dismissal is based on both subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and failure to state a claim (Fed. R. Civ. P. 12(b)(6)). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of

---

[1] Plaintiff provided further details to his allegations in response to an inquiry regarding his work performance in the Questionnaire, stating: "I always performed well. I was not written up until after younger employees from India were hired. I was told my performance had improved after being placed on a probationary period. Once I filed my 1st charge w[ith] the EEOC, I was terminated." *Id.* at 6.

2

the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citation omitted). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Id.* However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). Defendant moved to dismiss Counts One, Three, and Four on three separate grounds, each of which the court will consider in turn.

First, Defendants argue that Counts One and Three (the claims made pursuant to Oklahoma state law) should be dismissed because Plaintiff failed to timely file a complaint of discrimination with the Oklahoma Human Rights Commission ("OHRC").[2] More specifically, Defendant argues that Plaintiff failed to file a charge of discrimination with the OHRC within 180 days of his alleged wrongful termination as required by Oklahoma law. *See* OKLA. STAT. tit. 25 § 1502(a). Oklahoma law requires claimants to file a complaint "within one hundred eighty (180) days after the alleged discriminatory practice occurs." *Id.* The filing of a complaint of

---

[2]In this ground for dismissal, Defendant asserts that Plaintiff failed to timely file a claim of discrimination with the appropriate administrative body, resulting in a failure to exhaust administrative remedies and a lack of jurisdiction in this court. *Cf.* Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005) (ADEA requires plaintiffs to exhaust administrative remedies is a jurisdictional prerequisite to filing suit). Accordingly, Defendant argues its motion under Rule 12(b)(1). However, the distinct issue of whether a plaintiff has filed a timely charge is treated as a statute of limitations issue and is therefore appropriately reviewed under Rule 12(b)(6). *See* Jones v. United Parcel Services, Inc., 502 F.3d 1176, 1183 (10th Cir. 2007) (citing Jones v. Runyan, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996), and stating that "although a *timely* filing is not jurisdictional in nature, the filing itself is a jurisdictional requirement under this Court's precedent"); Barham v. K-Mart Corp., 2010 WL 3650684 at *4 n.5 (N.D. Okla.). The court will therefore conduct its analysis of this ground for dismissal under Rule 12(b)(6) standards.

discrimination with either the OHRC or EEOC[3] within this 180-day period is essential to stating a discrimination claim under Oklahoma law, as the 180-day period acts as a statute of limitations, barring claims not brought within the relevant time period. *See* Barham v. K-Mart Corp., 2010 WL 3650684 at *4 n.5 (N.D. Okla.).

Defendant correctly states that Plaintiff's "Charge of Discrimination" form filed with the OHRC was not signed until August 31, 2010. Response to Partial Motion to Dismiss, Exh. 1 at 11, Docket No. 18. While August 31, 2010 is well past the 180-day time period in which a prospective plaintiff must file a claim with the OHRC, the August 31, 2010 "Charge of Discrimination" was not the first document submitted by Plaintiff subsequent to his termination. The first was the submission of Plaintiff's "General Intake Questionnaire," to the EEOC, which was received by the EEOC on February 16, 2010, less than one month after Plaintiff's termination.

Oklahoma law provides that "A person claiming to be aggrieved by a discriminatory practice . . . may file with the [OHRC] a written sworn complaint stating that a discriminatory practice has been committed, and setting forth facts upon which the complaint is based, and setting forth facts sufficient to enable the [OHRC] to identify the person charged. . . . The complaint must be filed within one hundred eighty (180) days after the alleged discriminatory practice occurs." OKLA. STAT. tit. 25 § 1502(a). Thus, an Intake Questionnaire may satisfy the

---

[3] The EEOC and OHRC have a work-sharing agreement which allows the agencies to share, or "dual file," discrimination complaints regarding discriminatory actions which fall under both federal and Oklahoma laws. *See* Smith v. Oral Roberts Evangelical Assoc., Inc., 731 F.2d 684, 686 (10th Cir. 1984) (referring to the work sharing agreement between the EEOC and OHRC); U.S. Equal Emp't Opportunity Comm'n, *Federal Laws Prohibiting Job Discrimination Questions and Answers* ¶ IX, http://www.eeoc.gov/facts/qanda.html (last visited Sept. 15, 2011) (stating that purpose of work sharing agreements is to "avoid duplication of effort while at the same time ensuring that a charging party's rights are protected under both federal and state law" and "[i]f a charge is filed with the EEOC and is also covered by state or local law, EEOC 'dual files' the charge with the state [agency]"). Therefore, filing a charge or complaint with one agency effectively creates a partner filing with the other agency.

Oklahoma notice rules when it (a) contains a sworn statement alleging that a discriminatory practice has been committed, (b) sets forth the facts upon which the complaint is based, (c) identifies the charged party, and (d) is filed within 180 days of the alleged discriminatory practice.

The General Intake Questionnaire submitted by Plaintiff in February 2010 fulfills each of these requirements. First, the Questionnaire was signed "under penalty of perjury" by the Plaintiff, who declared that the charges of age discrimination and retaliation contained therein were "true and correct." Response, Exh. 1 at 7-8, Docket No. 18. Second, the Questionnaire contains Plaintiff's version of facts upon which the complaint is based. *See supra* note 1 and accompanying text. Third, the Plaintiff identified the charged party, IBM, and listed both their local and corporate addresses. Reponse, Exh. 1 at 4, Docket No. 18. Finally, the postal service's return receipt demonstrates that the Questionnaire was delivered to the EEOC office on February 16, 2010, less than one month after Plaintiff's termination. *Id.* at 2. These factors demonstrate that the General Intake Questionnaire submitted by Plaintiff to the EEOC within one month of his termination qualifies as a "complaint" made within the 180-day time period required by Oklahoma law.[4] Therefore, the court concludes that Plaintiff timely filed a "complaint" under

---

[4] Interpreting an Intake Questionnaire brought pursuant to the federal ADEA, the Supreme Court found similarly in *Federal Express Corp. v. Holowecki* that an EEOC "Intake Questionnaire" was a "charge" of discrimination within the meaning of the ADEA and applicable federal regulations. *See* generally 552 U.S. 389 (2008). The Court held, "In addition to the information required by the regulations, i.e., an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 402. The court finds that Plaintiff's Intake Questionnaire also constitutes a "charge" of discrimination under the ADEA, because, in addition to alleging age discrimination and retaliation against IBM, it is reasonably construed as a request that the EEOC take action to resolve the conflict. In the Questionnaire, Plaintiff states that his expectations for filing the Questionnaire are "policy change, compensation, and back pay," clearly communicating his desire that the agency take remedial action. Thus, the court finds that Plaintiff's Intake

Oklahoma law. Accordingly, Defendant has stated a claim and the motion to dismiss Counts One and Three on this ground is DENIED.

Defendant has also moved to dismiss Count One on the ground that the Plaintiff does not base his claim on the termination of Plaintiff's employment, as required by *Burk*.[5] *See* Reynolds v. Advance Alarms, Inc., 232 P.3d 907, 909, 2009 OK 97, ¶ 7 (citing *termination of the employment relationship* in a manner "contrary to identified compelling Oklahoma public policy that is clearly articulated in constitutional, statutory, or decisional law" as a mandatory element of any *Burk* tort claim). The parties agree that wrongful termination is an essential element of any *Burk* claim. *See* Motion to Dismiss at 3, Docket No. 14; Response at 6, Docket No. 18. The disagreement is based on whether Plaintiff made a factual claim of termination in his first count.

The language in Count One of Plaintiff's Petition does not specifically state that Plaintiff was terminated. Plaintiff states that "the discrimination committed by Defendant is contrary to Oklahoma's anti-discrimination statute . . . By treating Plaintiff differently than less qualified employees under the age of forty (40) years, the Defendant, IBM, has violated Oklahoma's anti-discrimination statutes." Petition ¶¶ 17-18, Docket No. 2-1 (citation omitted). Plaintiff deliberately incorporates the factual allegations of the Petition into Count One, and in those factual allegations Plaintiff alleges that the discrimination resulted in his termination. *See id*. ¶¶ 13, 14 (alleging termination), ¶ 16 (incorporating Petition's factual allegations into Count One). The court finds that by incorporating his factual allegations into Count One, Plaintiff has sufficiently alleged a termination of employment in regard to his age discrimination claim made

---

Questionnaire qualifies as both a "complaint" under Oklahoma law and a "charge" under the ADEA, and both were filed within the required time period following the discriminatory action.

[5] Burk v. K-Mart Corp. (770 P.2d 24, 28, 1989 OK 22, ¶ 17) adopted a common-law tort cause of action "against an employer based on public policy violation that is available to an employee when there is no other adequate remedy to redress the violation." *See* Reynolds v. Advance Alarms, Inc., 232 P.3d 907, 909, 2009 OK 97, ¶¶ 5-7.

under Oklahoma law. Therefore, Defendant's motion to dismiss Count One on this ground is DENIED.

Finally, Defendants move to dismiss Count Four, in which Plaintiff attempts to state a claim for illegal retaliation under Title VII, a federal statute. *See* Motion to Dismiss at 5-6, Docket No. 14; Petition ¶¶ 26-27, Docket No. 2-1. Defendant argues that Plaintiff's Title VII retaliation claim must be dismissed for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies with regard to a Title VII claim. *See* Motion to Dismiss at 5-6, Docket No. 14. It is undisputed that Defendant never filed a charge with the EEOC regarding a discrimination claim under Title VII; both of plaintiff's charges claimed a cause of action pursuant to the ADEA. Thus, the parties agree that Plaintiff has failed to exhaust his administrative remedies with regard to a Title VII claim. *See id.*; Response at 7-8, Docket No. 18.

Indeed, "Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit" and failure to do so results in a lack of jurisdiction under 10th Circuit precedent. Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005). Accordingly, this court finds that it has no jurisdiction over Count Four of Plaintiff's Petition. Defendant's motion to dismiss Count Four is therefore GRANTED.

In his response, Plaintiff requests leave to amend Count Four to attempt to state a claim pursuant to the ADEA instead of Title VII. Response at 8, Docket No. 18. Plaintiff admitted he "never meant to allege a Title VII claim and instead meant to bring his fourth claim for relief as retaliation under the ADEA. Counsel for plaintiff made a typographical error in alleging that IBM retaliated against [Plaintiff] under Title VII." *Id.* at 7. Fed. R. Civ. P. 15(a)(2) allows a party to amend pleadings with leave of court and instructs that "[t]he court should freely give

leave when justice so requires." In this case, the court finds that Plaintiff's case will be severely hindered due to a typographical mistake if not granted leave to amend pleadings, and Defendant has already received notice of Plaintiff's ADEA retaliation claim by way of the administrative proceeding. Thus, justice weighs in favor of granting Plaintiff leave to amend Count Four for the limited purpose of stating a retaliation claim under the ADEA. Plaintiff's request to amend Count Four of his Petition is therefore GRANTED.

## CONCLUSION

For the reasons stated herein, Defendant's Motion for Partial Dismissal [Docket No. 14] is GRANTED IN PART and DENIED IN PART. Specifically, Count Four of Plaintiff's Petition is DISMISSED. Plaintiff is GRANTED LEAVE TO AMEND Count Four for the limited purpose of stating a claim of retaliation pursuant to the ADEA by September 30, 2011.

IT IS SO ORDERED this 20th day of September, 2011.

James H. Payne
United States District Judge
Northern District of Oklahoma